United States District Court
Southern District of Texas
**ENTERED**
April 29, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | Criminal Case No. 2:20-CR-00334-002 |
| | § | |
| ANGEL ALBERTO GARCIA | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Angel Alberto Garcia's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 126). For the reasons stated herein, the motion is **DENIED**.

**I.   BACKGROUND**

Garcia pled guilty to possession with intent to distribute more than 1,000 kilograms of marijuana and more than 5 kilograms of cocaine. He has served approximately 61 months of his 165-month sentence and has a projected release date, after good time credit, of December 13, 2031. Garcia previously moved the Court to reduce his sentence to time served or allow him to serve the remainder of his sentence on home confinement based on his debilitated medical condition. (Dkt. No. 123). The Court denied the motion because Garcia had not complied with the exhaustion requirements under 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 124). He has since submitted evidence that his administrative request for a sentence reduction based on his medical circumstances was denied by the warden of FCC Beaumont on December 3, 2024. (Dkt. No. 126-1 at 7).

## II.  LEGAL STANDARD

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances. At issue here is what is colloquially called "compassionate release." *See United States v. Shkambi*, 993 F.3d 388, 390–92 (5th Cir. 2021). A prisoner may move for compassionate release when "extraordinary and compelling reasons" warrant a sentence reduction and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement provides that extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof: (1) medical circumstances; (2) age (at least 65); (3) family circumstances; (4) victim of abuse; (5) other reasons similar in gravity to (1)–(4); and (6) an unusually long sentence. *See* U.S.S.G. § 1B1.13(b).

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

Finally, the Court must consider whether a reduction is consistent with the applicable Section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a)(3). The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. 18 U.S.C. §§ 3553(a)(1)–(7).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

### III. ANALYSIS

#### A. EXTRAORDINARY AND COMPELLING REASONS

Garcia claims that a "reduction in sentence is warranted due to my constant decline in my health and my lack of ability to self-care while incarcerated." (Dkt. No. 126 at 2). He states that when he arrived at the Bureau of Prisons (BOP) in 2022, he had full sight in both eyes; however, he now suffers from severe cataracts in his right eye and lost the vision in his left eye following a failed cataract surgery in 2024. Garcia complains that his eye issues cause him to be "constantly dizzy with a constant upset stomach due to instability," which is "magnified due to my erratic sugar levels, high blood pressure, and surging cholesterol." (*Id.* at 4–5). He wants the opportunity to have his sight restored, but

3

he has no faith in the physicians referred to him by the BOP after his prior "botched" cataract surgery. (*Id.* at 6).

A defendant's medical circumstances may be extraordinary where:

> (A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
>> (i) suffering from a serious physical or medical condition,
>>
>> (ii) suffering from a serious functional or cognitive impairment, or
>>
>> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances—
>
>> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>>
>> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or

4

>> the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

Garcia has not offered any medical records in support of his motion. As such, the Court finds he has failed to demonstrate that his medical circumstances qualify as extraordinary and compelling under U.S.S.G. § 1B1.13(b)(1). He has not shown that he is "suffering from a terminal illness" as described by section 1B1.13(b)(1)(A), nor has he demonstrated that his conditions "substantially diminish[ ]" his ability to "provide self-care within the environment of a correctional facility." *See id.* § 1B1.13(b)(1)(B).

### B. SENTENCING GUIDELINES POLICY STATEMENTS AND SECTION 3553(A) FACTORS

Garcia was a manager/supervisor of a large-scale drug trafficking organization operating in South Texas and throughout the United States. He was held accountable at sentencing for 5,462.65 kilograms of marijuana, 164.24 kilograms of cocaine, and 22 kilograms of methamphetamine. Based on the nature and circumstances of the offense of conviction, the Court finds that a sentence reduction would not be consistent with the applicable Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The Court further finds that releasing Garcia when he has served roughly a third of his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2).

5

## IV. CONCLUSION

For the reasons stated above, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with 18 U.S.C. §§ 3142(g) and 3553(a). Accordingly, Garcia's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Dkt. No. 126), is **DENIED**.

It is SO ORDERED.

Signed on April 26, 2025.

                                                                               *Drew B. Tipton*
                                                                    **DREW B. TIPTON**
                                                   **UNITED STATES DISTRICT JUDGE**